IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-1831-WJM-MEH

RALPH B. RICHEY, Derivatively on behalf of Chipotle Mexican Grill, Inc.,

    Plaintiff,

v.

M. STEVEN ELLS,
MONTGOMERY F. MORAN,
ALBERT S. BALDOCCHI,
JOHN S. CHARLESWORTH,
NEIL W. FLANZRAICH,
PATRICK J. FLYNN, and
DARLENE J. FRIEDMAN

    Defendants,

CHIPOTLE MEXICAN GRILL, INC.,

    Nominal Defendant.

and

Civil Action No. 12-cv-2527-WJM-MEH

JOANNE NELSON, Derivatively on behalf of Chipotle Mexican Grill, Inc.,

    Plaintiff,

v.

STEVE ELLS,
MONTGOMERY F. MORAN,
JOHN R. HARTUNG,
ALBERT S. BALDOCCHI,
JOHN S. CHARLESWORTH,
NEIL W. FLANZRAICH,
PATRICK J. FLYNN, and
DARLENE J. FRIEDMAN,

    Defendants,

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation

    Nominal Defendant.

and

Civil Action Number 12-cv-02635-WJM-MEH

FRANCIS SCHMITZ, Derivatively on behalf of Chipotle Mexican Grill, Inc.,

    Plaintiff,

v.

STEVE ELLS,
MONTGOMERY F. MORAN,
ALBERT S. BALDOCCHI,
JOHN S. CHARLESWORTH,
NEIL W. FLANZRAICH,
PATRICK J. FLYNN, and
DARLENE J. FRIEDMAN,

    Defendants,

CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation

    Nominal Defendant.

---

## ORDER GRANTING MOTION TO CONSOLIDATE AND APPOINTING LEAD COUNSEL

---

    Before the Court is Plaintiffs Nelson and Schmitz's Motion to Consolidate Related Actions and Appoint Co-Lead Counsel ("Motion"). (ECF No. 16.) Defendants have filed a Response to the Motion stating that they do not oppose consolidation and take no position on which firms should be appointed lead counsel. (ECF No. 17.) Plaintiff Richey also does not oppose consolidation so long as the law firms representing him are part of the cases leadership structure. (ECF No. 18.)

For the reasons set forth below, the Motion is GRANTED in so far as it seeks consolidation of the three above-captioned actions but DENIED in so far as it seeks appointment of Faruqui & Faruqui and Robbins Umeda LLP (which now appears to be Robbins Arroyo LLP) as lead counsel.

## I. CONSOLIDATION

Federal Rule of Civil Procedure 42(a) provides that consolidation is appropriate when the actions involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  Further, consolidation is committed to the sound discretion of the trial court.  *Chimal v. Sledge*, No. 06-cv-02394, 2007 WL 1576346, at *1 (D. Colo. May 31, 2007).  "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Skaggs v. Level 3 Communications, Inc.*, No. 09-cv-200, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations omitted).

Pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 7.5E, the Court finds that the three actions listed below involve common questions of law or fact, including common parties and common claims.  The Court also finds that consolidation of these three cases will avoid unnecessary costs and delays.  The Court notes that consolidation is not opposed by any party to the three actions.

Accordingly, the Court orders that the following cases are consolidated and, to the extent they are assigned to different judges, should be reassigned to the undersigned as the District Judge and Magistrate Judge Michael E. Hegarty: (1) *Ralph B. Richey, Derivatively and on Behalf of Chipotle Mexican Grill, Inc. v. M. Stephen Ells, et al.*, 12-cv-1831-WJM-MEH; (2) *Joanne Nelson, Derivatively and on Behalf of Chipotle Mexican Grill, Inc. v. Steve Ells, et al.*, 12-cv-2527-PAB-KMT; and (3) *Francis Schmitz, Derivatively and on Behalf of Chipotle Mexican Grill, Inc. v. Steve Ells, et al.*, 12-cv-2635-MSK-BNB.

## II.  APPOINTMENT OF LEAD COUNSEL

Plaintiffs Nelson and Schmitz ask the Court to appoint the law firms representing them—Faruqui & Faruqui for Plaintiff Schmitz and Robbins Arroyo (f/k/a Robbins Umeda) for Plaintiff Nelson—as co-lead counsel in the consolidated action.  (ECF No. 16.)  Plaintiff Richey requests that the firms representing him—Rigrodsky & Long, P.A. and Levi & Korsinsky LLP with Charles Lilly as local counsel—be part of the leadership structure of the consolidated action.  (ECF No. 18.)

"The decision regarding appointment of Lead Counsel is within the discretion of the Court.  The principle that guides the Court's decision is which counsel will best serve the interest of the plaintiffs."  *Horn v. Raines*, 227 F.R.D. 1, 3 (D.D.C. 2005) (internal citations omitted).  Courts have considered a variety of factors when appointing a lead counsel in consolidated derivate actions.  Some of these factors include:  (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel.  *In re Bank of America Corp. Sec. Derivative and ERISA Lit.*,

258 F.R.D. 260, 272 (S.D.N.Y. 2009).

Some courts have also considered the criteria for appointing interim class counsel set forth in Fed. R. Civ. P. 23(g)(1): (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *Id.*; *In re Comverse Technology Derivative Litigation*, No. 06-cv-1849 (NGG) (RER), 2006 WL 3761986 at *2–3 (E.D.N.Y. Sept. 22, 2006).

Having carefully reviewed the parties' submissions, the Court finds that all of the law firms have significant experience in serving as lead counsel in shareholder derivative litigation and have a history of obtaining favorable results. All of the firms have the resources and expertise to fulfill the role as lead counsel in this action. Additionally, the Court finds that the quality of the pleadings filed in these cases, while some slightly better than others, does not favor one group of firms over the other. Further, the Court finds that any unique information included, or cause of action asserted, in any one complaint can easily be incorporated into a consolidated amended complaint, regardless of who is appointed lead counsel. *See In re Bank of Am. Corp. Sec., Derivative & "ERISA" Litig.*, 258 F.R.D. 260, 273 (S.D.N.Y. 2009).

The Court notes that counsel for Plaintiff Nelson has recently undergone a change in the structure of their firm. On January 4, 2013, in civil action 1:12-cv-2527-PAB-KMT, Nelson's counsel filed a Notice of Firm Name Change stating that the firm formerly known as "Robbins Umeda LLP" has changed its name to "Robbins Arroyo

5

LLP". (Case No. 1:12-cv-2527-PAB-KMT, ECF No. 18.) While adequate information regarding the qualification of "Robbins Umeda LLP" was filed with the Court (ECF Nos. 16 & 26), there was no effort made to supplement the information after the firm was changed to "Robbins Arroyo LLP".

Regardless, as stated above, the Court has little difficulty concluding that all of the law firms are more than qualified to handle this action and have adequate resources to pursue this litigation. Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action. *See, e.g., Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (noting that courts will consider which action was filed first for lead counsel purpose where "there is a need for an objective tie-breaker").

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff Nelson and Schmitz's Motion to Consolidate Related Actions and Appoint Co-Lead Counsel (ECF No. 16) is GRANTED IN PART and DENIED IN PART;

2. Civil Action No. 12-cv-2527-PAB-KMT and Civil Action No. 12-cv-2635-MSK-BNB are CONSOLIDATED with this action, and shall henceforth be referred to as Civil Action No. 12-cv-2527-WJM-MEH and Civil Action No. 12-cv-2635-WJM-MEH;

3. Civil Action No.12-cv-1831-WJM-MEH shall be the lead case and all future filings shall be made in this action;

4. Magistrate Judge Michael E. Hegarty shall be assigned to all of the consolidated actions;

5. The law firms of Rigrodsky & Long, P.A. and Levi & Korsinsky LLP are

       DESIGNATED as Lead Counsel for the Consolidated Action with Charles Lilley & Associates, P.C. as Local Counsel; and

5.     The Clerk shall docket a copy of this Order in 12-cv-2527-PAB-KMT and 12-cv-2635-MSK-BNB.

Dated this 17th day of January, 2013.

                                              BY THE COURT:

                                              William J. Martínez  
                                              United States District Judge